UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CHRISTOPHER K. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:21-CV-142-TAV-DCP |
| | ) | |
| CHRIS PROFFIT, | ) | |
| JEFFERSON COUNTY JAIL, | ) | |
| JEFFERSON COUNTY | ) | |
| SHERIFF'S OFFICE, | ) | |
| CHIEF BALANGER, | ) | |
| CAPTAIN OAKES, | ) | |
| SHERIFF COFFEE, and | ) | |
| BRICE HOLLOWMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and related motion for leave to proceed *in forma pauperis* [Doc. 1].

Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Plaintiff has not paid the required $400.00 filing fee, nor has be submitted

the proper documents to proceed *in forma pauperis*. Specifically, Plaintiff has not filed a certified copy of his inmate trust account for the previous six-month period.[1]

Plaintiff shall have twenty-one (21) days from the date of entry of this order to pay the full filing fee or to submit the necessary documents. Plaintiff is hereby **NOTIFIED** that if he fails to fully timely comply with this order, the Court shall presume that Plaintiff is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution.

Further, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or

---

[1] With his motion for leave to proceed *in forma pauperis*, Plaintiff filed a statement that the Jefferson County Jail lost the appropriate form and/or refused to complete it [Doc. 1 p. 3]. Accordingly, Plaintiff is **DIRECTED** to show this order to the custodian of trust accounts at his current facility, who is **DIRECTED** to make a copy of Plaintiff's inmate trust account statement, to complete and sign the certificate, and to provide Plaintiff with the certified copy of his inmate trust account statement for the six-month period preceding Plaintiff's complaint.

her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
