UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHRISTOPHER K. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:21-CV-142-TAV-DCP ) |
| CHRIS PROFFIT, JEFFERSON COUNTY JAIL, JEFFERSON COUNTY SHERIFF'S OFFICE, CHIEF BALANGER, CAPTAIN OAKES, SHERIFF COFFEE, and BRICE HOLLOWMAN, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and related motion for leave to proceed *in forma pauperis* [Doc. 1]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee in this action. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Jefferson County Sheriff's Department, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust

account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

2

*Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. §1983.

### B. Allegations of Complaint

Plaintiff, a pretrial detainee housed at the Jefferson County Jail, has been charged with sexually related crimes [*See, e.g.*, Doc. 2 p. 5]. On November 4, 2020 and November 5, 2020, between the hours of 10:00 p.m. and 2:00 a.m., Correctional Officer

3

("CO") Chris Proffit played audio over the intercom that sounded like two people having sex [*Id*. at 5-6]. He later came back over the intercom and stated "sorry[,] the nurse fell on the button," indicating that he had been having sex with the nurse in the control room [*Id*. at 5]. Plaintiff filed a Prison Rape Elimination Act ("PREA") complaint about the incident, maintaining that CO Proffit deliberately played "pornographic audio" in order to sexually excite Plaintiff [*Id*.].

Chief Balanger ignored Plaintiff's grievances about the incident for several days but finally spoke to Plaintiff on December 15, 2020 [*Id*. at 5-6]. Chief Balanger accused Plaintiff of "going along" with CO Profit and encouraging the CO's behavior, and Plaintiff informed Chief Balanger that his cellmate, Brice Hollowman, was the person "who said anything about that" [*Id*. at 5-6].

Plaintiff has asked several times to speak with someone about pressing charges against CO Proffit, but none of Defendants "take any of this seriously" [*Id*. at 7-8]. CO Proffit still works in Plaintiff's unit, and Plaintiff fears that CO Proffit will retaliate against him [*Id*.].

The Jefferson County Jail also housed Plaintiff, who is facing charges for sex offenses, in a cell with Michael Georgio, who has no sexually related charges and who is violent [*Id*. at 9]. Plaintiff fears that this inmate will harm him, and that the inmate was placed in Plaintiff's cell in retaliation for Plaintiff's complaints [*Id.*].

Plaintiff seeks to "sue Jefferson County to the maximum," press charges against CO Proffit, sue each person that has caused him pain and suffering, sue each person that

4

has retaliated against him, and to obtain legal and mental health fees [*Id*. at 4]. He also asks that the Court order his pending criminal charges dismissed [*Id*.].

### C. Analysis

As a pretrial detainee, Plaintiff's protections against cruel and unusual punishment are rooted in the Fourteenth, rather than the Eighth, Amendment. *See, e.g., Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) ("The Eighth Amendment protection against deliberate indifference extends to pretrial detainees in state prisons by operation of the Due Process Clause of the Fourteenth Amendment."). Plaintiff's claims are analyzed, however, "under the same rubric" — that of deliberate indifference. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). A prison official acts with deliberate indifference when the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

#### 1. Non-Suable Defendants

First, the Court notes that Plaintiff has named both the Jefferson County Jail and the Jefferson County Sheriff's Office as Defendants. However, neither of these entities are "persons" subject to suit under § 1983. *Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *1-2 (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983) (M.D. Tenn. Aug. 25, 2010); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding police department is not an entity subject to suit under § 1983). Further, even if the Court could liberally construe Plaintiff's complaint as against Jefferson County itself, Plaintiff has failed to set forth any facts from which the Court can liberally construe that this

5

municipality may be liable for a violation of his constitutional rights under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may be liable under § 1983 for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation). Accordingly, Plaintiff has failed to state a § 1983 claim against Jefferson County, and the Jefferson County Jail and the Jefferson County Sheriff's Office will be **DISMISSED**.

Additionally, Plaintiff has named former cellmate Brice Holloman as a Defendant in this suit, presumably because Holloman allegedly encouraged CO Proffit to play the "pornographic audio." However, Holloman is not a state actor, and therefore, he is not a proper Defendant in a § 1983 suit. *See, e.g., Nobles v. Brown*, 985 F.2d 235, 238 (6th Cir. 1992) (finding inmate was not state actor where inmate was not acting under color of state "statute, ordinance, regulation, custom, or usage"). Accordingly, Defendant Holloman will be **DISIMSSED**.

### 2. PREA Investigation

Plaintiff also claims that his constitutional rights were violated by Defendants' failure to conduct a PREA investigation into his complaint of unwanted sexual harassment. However, there is no constitutional basis for a private cause of action for non-compliance with PREA. *See Gennoe v. Washburn*, No. 3:19-cv-00478, 2019 WL 5693929, at *5-6 (M.D. Tenn. Nov. 4, 2019) (collecting cases). Therefore, Plaintiff has not stated a constitutional claim by alleging a PREA violation, and this claim will be **DISMISSED**.

6

### 3. Harassment

Plaintiff maintains that overhearing "pornographic audio" constitutes deliberate harassment from CO Proffit. Accepting Plaintiff's allegations as true that the behavior was deliberately harassing, the Court finds that allegations of verbal harassment do not implicate the Eighth Amendment. *See Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987) (finding verbal harassment does not constitution punishment and such conduct does not rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment). Accordingly, Plaintiff's allegation of harassment by CO Proffit fails to state a cognizable claim, and it will be **DISMISSED**.

### 4. Retaliation

Plaintiff next asserts that Michael Georgio was placed in his cell in retaliation for Plaintiff's complaints, and that he fears retaliation from CO Proffit due to his complaints against the officer.

To establish a retaliation claim, Plaintiff must show that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

7

Plaintiff's filing of a grievance against CO Proffit constitutes constitutionally protected conduct under the First Amendment. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). However, Plaintiff has not alleged that CO Proffit has engaged in retaliatory conduct. Instead, he alleges only that he fears such action might occur. Moreover, Plaintiff has alleged no facts from which the Court could infer that he was housed with Michael Georgio in retaliation for filing a grievance, and his subjective belief that he has been retaliated against is insufficient to state a § 1983 claim. *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997).

Additionally, Plaintiff does not support his allegations as to his new cellmate with any evidence, nor has he submitted any evidence to rebut the general premise that prisoners may be frequently moved for a variety of reasons. Accordingly, the Court finds Plaintiff's conclusory allegations of Defendants' retaliatory motives insufficient to state a claim under § 1983. *See, e.g., Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987). Therefore, this claim will be **DISMISSED**.[1]

### 5. Grievances

Plaintiff's only allegation against Chief Balanger, Captain Oakes, and Sheriff Coffee in the instant complaint is that they take Plaintiff's allegations of harassment "as a joke" by failing to respond to his complaints [*See, e.g.,* Doc. 2 p. 7]. However, "[t]he

---

[1] As to Plaintiff's allegation that he should not be housed with a person who is not a sex offender, the Court notes that placement of prisoners is a matter left to the discretion of state officials, and a prisoner has no constitutional right or protected liberty interest to be housed in any particular place. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Moreover, inmates have no constitutional right to a grievance procedure, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994), and no due process liberty interest in having their grievances satisfactorily resolved. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005). Accordingly, these Defendants do not face any constitutional liability by for failing to respond to Plaintiff's complaints, and Defendants Balanger, Oakes, and Coffee will be **DISMISSED**.

### 6. Improper Relief

Although the Court has found that Plaintiff has failed to state a justiciable § 1983 claim against any named Defendant, it nonetheless notes that much of the relief sought by Plaintiff is otherwise unavailable. First, Plaintiff asks the Court to award him monetary damages for pain and suffering. However, under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury to permit recovery. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Plaintiff has not alleged any physical injury as a result of the constitutional violations alleged in the complaint, and therefore, even if Plaintiff had stated a viable constitutional violation, his request for monetary compensation for "pain and suffering" is not permitted under the PLRA.

9

Second, Plaintiff asks the Court to press charges against CO Proffit, and perhaps, Brice Holloman [Doc. 2 p. 4, 8]. However, private citizens have no legal interest in the investigation or prosecution of anyone. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996) (noting the absence of law allowing a § 1983 action to force the state to prosecute). Therefore, the requested relief is unavailable to Plaintiff.

Finally, the Court notes that Plaintiff has requested that the Court order that his criminal charges be dismissed. Under the *Younger* doctrine, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Here, Plaintiff does not allege any unusual or extraordinary circumstances warranting the Court's intervention. Accordingly, the Court cannot grant Plaintiff the requested relief.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

10

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff's allegations are frivolous and he has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE